IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                               Case No. 4:06CR00013 JMM

MICHAEL D. WHITE

### ORDER DENYING SENTENCE REDUCTION

Before the Court is Defendant's Motion to Reduce Sentence, filed *pro se*. Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for a sentence reduction.

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

Defendant is not eligible for a sentence reduction.    Defendant was sentenced to 151 months based upon a finding that he was a Career Offender under U.S.S.G. § 4B1.1.  The parties stipulated to a Base Offense Level of 32 with a 3 level reduction for acceptance of responsibility.  Defendant received a criminal history category of 6 based upon his having been found to be Career Offender under U.S.S.G. § 4B1.1.

 Because this Career Offender finding and the stipulation determined his offense level under the Guidelines, defendant's sentence was not derived from or affected by a calculation of crack cocaine quantity and U.S.S.G. § 2D1.1.  Thus, the recent revisions pertaining to crack cocaine quantity do nothing to change the defendant's Guideline range and do not provide a basis for the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c).

## CONCLUSION

Because the determination of Defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the Motion to Reduce Sentence (Docket no. 31) is DENIED.

IT IS SO ORDERED THIS   12   day of March, 2008.


_____
UNITED STATES DISTRICT JUDGE